No. 85.—WILLIAM L. EDMONDSON and Wife, plaintiffs in error, *vs.* JOHN H. DYSON, trustee, defendant.

[1.] Where the General Assembly of this State, by the second section of an Act passed on the 22d Nov. 1826, declared, " that the name of Sarah Jane Wells be changed to the name of Sarah Jane Rakestraw, and that she be declared legitimate, and capable of inheriting, and like privileges in law as if she had been born in lawful wedlock :" *Held,* that inasmuch as the illegitimate child was not, by the Act, made legitimate to any *particular person,* the only effect of it was to change her name.

In Equity, in Wilkes Superior Court. Decided by Judge SAYRE, September Term, 1849.

Ann S. Rakestraw, by her last will, bequeathed the whole of her estate to John H. Dyson, " in trust, for the sole and exclusive use of her beloved husband, Gainham L. Rakestraw, during his natural life, and after his death, to convey the same absolutely to such person as the said Gainham should by will appoint, and on failure of appointment, to convey the same to the heir or heirs at law of the said Gainham L. absolutely."

Gainham L. Rakestraw died without making any appointment. William L. Edmondson and wife filed their bill, claiming the whole property, through the wife, as the only heir of Gainham L. Rakestraw. On the trial of a plea filed by the defendant, that Mrs. Edmondson was not a legitimate heir of Gainham L. Rakestraw, it was agreed that she was born out of lawful wedlock—was reputed to be the child of Gainham L. Rakestraw, and so acknowledged by him, and that in 1826 the Legislature passed an Act, of which the following is the second section :

" *Be it further enacted,* That the name of Sarah Jane Wells be changed to the name of Sarah Jane Rakestraw; that she be declared legitimate and capable of inheriting, and like privileges in law as if she had been born in lawful wedlock."

The Court charged the Jury that this Act did not make Mrs. Edmondson the heir at law of Gainham L. Rakestraw, and especially not such an heir as could take, under the will of Mrs. Rakestraw.

Edmondson and wife excepted to this decision. Other exceptions were filed, but this point alone was considered and decided by the Supreme Court.

Edmondson and Wife *vs.* Dyson.

W. Dougherty, for plaintiff in error.

Toombs and Cone, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

The complainants in this case seek to recover, as legatees, under the will of Mrs. Ann S. Rakestraw. The complainants insist that Mrs. Sarah Jane Edmondson is the legitimate heir-at-law of Gainham L. Rakestraw, deceased.

[1.] The right of the complainants to recover, must depend on the construction to be given to the Act of 1826, which is entitled An Act to change the names of certain persons therein mentioned, and legitimatize the same. The first section of the Act declares, "that Lucinda Rouch and William Madden shall be known in law by the names of Lucinda Spier, and William Cooper, any law to the contrary notwithstanding; and they are hereby declared to be fully and completely legitimatized, and entitled to all the rights and legal privileges that they would have been entitled to, if born in lawful wedlock, and be capable of inheriting all manner of property by virtue of the Statutes of Distribution, so far as relates to the real and personal estates of James Spier and Henry Cooper, their reputed fathers."

The second section of the Act declares, "that the name of Sarah Jane Wells be changed to the name of Sarah Jane Rakestraw, and that she be declared legitimate, and capable of inheriting, and like privileges in law, as if she had been born in lawful wedlock." *Dawson's Comp.* 330. Mrs. Edmondson, as the record discloses, was born out of *lawful wedlock*, and therefore, cannot be the heir of any person by the Common Law; she has no ancestor from whom any inheritable blood can be derived. 1 *Bl. Com.* 459. The Common Law is so far altered by Statute in this State, as to authorize illegitimate children to inherit from their mother, and from each other. *Prince,* 202. Did the Act of 1826 make Sarah Jane Rakestraw, formerly Sarah Jane Wells, the legitimate heir-at-law of Gainham L. Rakestraw, and give to her a legal capacity to inherit his estate ? By the Common Law, as we have seen, she could not inherit his estate, if born out of *lawful wedlock;* and the fact that she was *reputed* to be his child, and recognized by him as such, would not change the rule. In Eng-

land, nothing but the transcendent power of an Act of Parliament could make a bastard legitimate, and capable of inheriting. 1 *Bl. Com.* 459. In this State, nothing but a legislative enactment of the Legislature, with the consent of Gainham L. Rakestraw, could have made the complainant, Mrs. Edmondson, *his* legitimate heir, and capable of inheriting *his* estate. It is true, the Act declares that she be *legitimate*, and capable of inheriting, and like privileges in law, as if she had been born in lawful wedlock—legitimate to whom? capable of inheriting from whom? enjoy like privileges in law, as if she had been born in lawful wedlock, from *whom ?* The transcendent power of the Legislature, which alone could have spoken that word, and said *to whom* she should be legitimate, from *whom* she should inherit, and from *whom* she should enjoy like privileges in law, as if she had been born in lawful wedlock, have not so declared. That Act does not make her the legitimate heir of any *particular individual*—that Act does not declare she shall be capable of inheriting from any *named* individual. The Act makes her as much the legitimate heir of, and as capable of inheriting from A, B, C or D, as it does from Gainham L. Rakestraw. To make her the legitimate heir of Gainham L. Rakestraw, and capable of inheriting *his* property, it is indispensably necessary the Legislature should have so declared. Without such declaration by the sovereign authority of the State, the rule of the Common Law, which excludes her from inheriting, is not altered. The argument for the plaintiff in error is, that inasmuch as the Legislature have declared her to be legitimate, he ought to be permitted to show by evidence, extrinsic the Act, that she is the child of Gainham L. Rakestraw, and therefore, she is *his* legitimate child, and capable of inheriting as *his* lawful heir. The answer is, admitting she is his child, proved to be so ; yet, having been born out of lawful wedlock, she could not inherit from *him*, unless the Legislature had so expressly declared. Her incapacity to inherit from *him* has not been removed by declaring she shall be *legitimate*, without declaring to *whom* she shall be legitimate, and from *whom* she shall inherit. Extrinsic parol evidence cannot be received to effect that which it was alone competent for the Legislature to do, to wit : repeal the Common Law, and give to Mrs. Edmondson the *capacity* to inherit as *the heir of Gainham L. Rakestraw.*

This Act of the Legislature is in derogation of the rule of the

Common Law, and should be construed *strictly.* The failure to insert the name of Gainham L. Rakestraw in the Act, may have been a *casus omissus.* In Jones *vs.* Smart, (1 *Term Rep.* 52,) Mr. Justice *Buller* said, "We are bound to take the Act of Parliament as they have made it. A *casus omissus* can in no case be supplied by a Court of Law ; for that would be to make laws." So here, we are bound to take the Act of the Legislature as they have made it ; and if we attempt to supply the supposed defect in the Act, by reference to the other section of it, the plaintiff in error can derive no assistance. The first section of the Act expressly declares the names of *the persons* from whom Lucinda Spier and William Cooper shall have the capacity to inherit. To introduce heirs to a man's estate by an Act of the Legislature, cannot be done, unless he is *particularly named in the Act,* and then he will not be bound by it without his consent. 2 *Bl. Com.* 345. 1 *Kent's Com.* 459. *Catlin vs. Jackson,* 8 *John. Rep.* 555. The Act of 1819, it is true, declares that "All laws and resolutions, as published by authority, shall be held, deemed and considered public laws and resolutions, and the several Courts of Law and Equity of this State shall take notice thereof as such, any law, usage or custom to the contrary notwithstanding." *Prince,* 215.

Conceding, *ex gratia,* that the Act of 1826 was, by the provisions of the Act of 1819, *notice* to Gainham L. Rakestraw and Mrs. Rakestraw, at the time she made her will, it cannot be pretended that Act conveyed notice of any thing more than what appears on its face. For aught that appears on the face of the Act of 1826, Gainham L. Rakestraw may have lived and died without any knowledge that Sarah Jane Wells was ever intended to be made *his* lawful heir, and to inherit *his* property after his death. The Act itself does not make her *his* heir, on its face, or declare she shall inherit *his* property. Nor is it apparent that the testatrix, whose bounty is now claimed, had any knowledge whatever that Sarah Jane Wells was even a pretended heir, or claimed to inherit as the heir of her husband, Gainham L. Rakestraw. The Act changes the name of Sarah Jane Wells to Sarah Jane Rakestraw, but does not declare she shall inherit from, or be the legitimate heir of, any *particular individual.* To allow the introduction of parol evidence, *extrinsic* of the Act, in order to give it effect, so as to establish the claim of heirship, according to the facts presented by this record, would, in our judgment, be a dan-

gerous precedent, and productive of mischievous consequences. If such a practice were allowed, heirs might be introduced to inherit a man's estate after his death, who were not thought of by him in his lifetime. It would be just as competent for the complainants to show that Mrs. Edmondson is the legitimate heir of any other person, (if the door for the admission of the evidence is opened,) as to show she is the legitimate heir of Gainham L. Rakestraw. Her name, it is true, is changed to Rakestraw, but that circumstance does not alter the rule of the Common Law, and give to her the capacity to inherit from any *particular person* of that name; and if it did make her legitimate, and capable of inheriting as heir from some person of that name, who of that name is she made the legitimate heir of, and from whom of that name is she entitled to inherit? It would be just as competent for the complainant to show she is the legitimate heir of any other man by the name of Rakestraw, as it would be to show that she is the legitimate heir of Gainham L. Rakestraw; for the Act is as much *notice* of the fact, that she is made the legitimate heir of any other man, as that she is made the heir of Gainham L. Rakestraw. The insurmountable difficulty is, that the Act is too uncertain, and does not declare her to be the legitimate heir of any body. The case of *Drake vs. Drake*, cited on the argument, from 4 *Devereux's Law R.* 110, involved the same principle as this case, and the facts are almost identically the same. In that case, the putative father of a bastard child procured the passage of a private Act of the General Assembly of North Carolina, whereby the name of the child was changed to that of the putative father, and the child was declared " forever hereafter to be legitimated, and made capable to possess, inherit and enjoy, by descent, any estate, real or personal, to all intents and purposes as if he had been born in lawful wedlock."

The Supreme Court of North Carolina held, that as the bastard was not made legitimate to any *particular person*, the only effect of the Act was to change his name. The judgment of the Court in *Drake vs. Drake* is, we think, well sustained by principle, and although it is not binding upon us as *authority*, yet, being the judgment of an able and intelligent tribunal of one of our sister States, upon very nearly the same statement of facts, it is entitled to the highest consideration and respect.

The only effect of the second section of the Act of 1826 is, in

our judgment, to change the name of Sarah Jane Wells to that of Sarah Jane Rakestraw, and does not alter the rule of the Common Law respecting children born out of lawful wedlock, so as to make her the legitimate heir of Gainham L. Rakestraw, or any other *particular individual*.

Let the judgment of the Court below be affirmed.