47653.   DUKES et al. v. RALSTON PURINA COMPANY.

EVANS, Judge. On June 6, 1972, Ralston Purina Co. conducted a sale of real estate under the power contained in a deed to secure debt made to it by Floree B. Dukes and C. F. Dukes, Jr. On July 2, 1972, Ralston Purina, through its attorney, applied to the judge of superior court for an order approving and confirming the sale. On that date, the judge signed a rule nisi requiring Floree B. Dukes and C. F. Dukes, Jr. to show cause why the sale should not be approved and confirmed. The application and rule nisi were not filed in the office of the clerk of superior court until July 11, 1972, more than 30 days subsequent to the sale. The respondents defended on the ground that the application to approve and confirm was not timely filed and failed to state a claim upon which relief could be granted and that the court had no jurisdiction or authority to approve and confirm the sale. Thereafter, the court denied the contentions of the respondents and confirmed the sale. The respondents appealed. *Held:*

The sole argument here concerns the motion to dismiss, and contends that the statute of confirmation (*Code Ann.* § 67-1503; Ga. L. 1935, p. 381) was not followed in that the proceeding was not *filed* with the clerk of the superior court within 30 days after the sale. The statute in question, *Code Ann.* § 67-1503, supra, reads in pertinent part as follows: ". . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, *within 30 days after such sale, report the sale to the judge of the superior court* of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon." (Emphasis supplied.) Clearly, when the application for confirmation was presented to the judge of the superior court to obtain a rule nisi, reciting the fact of the sale, the price obtained, and all pertinent factors concerning the sale, this was a *report of the sale to the judge of superior court,* and the terms of the statute were fully complied with.

Appellants contend the word "report" in the statute means "file" and that the application had to be filed in the office of clerk of superior court within 30 days after the sale. But we find no authority for making the word "report" mean "file." This is especially true inasmuch as the statute makes no mention of reporting to or filing with the clerk, but specifically provides that the report is to be made to the judge. Further, the statute in question is in derogation of the common law and must be strictly construed. *Edmondson v. Dyson,* 7 Ga. 512, 515; *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117). A cardinal rule of construction is that the ordinary signification shall be applied to all words, except words of art, etc. *Code* § 102-102 (1); *Thompson v. Abbott,* 226 Ga. 353, 358 (174 SE2d 904). Of course, the word "report" is not a word of art, and its ordinary signification, as defined by Webster, is to give an account of, to relate, to tell.

In this case the property was sold on first Tuesday in June, 1972 (which was on June *6th*) and the application to

confirm, with a report of all pertinent facts concerning the sale, was presented to the judge of superior court and rule nisi signed by him on the *2nd* day of July, 1972, which was within the thirty days provided for in the statute; and thereafter, the proceedings were filed with the clerk of superior court on the *11th* day of July, 1972. *This was a full compliance with the statute.* Of the same import, see our recent holding in *Boardman v. Ga. R. Bank &c. Co.,* 127 Ga. App. 63 (2a) (192 SE2d 390).

Appellant cites cases involving *motions for new trial,* including *Atlantic C. L. R. Co. v. McNair,* 96 Ga. App. 519 (100 SE2d 639), wherein it was held that service of copy of motion for new trial *which had not been filed in the clerk's office* was a nullity. The writer was counsel for the prevailing party in the *McNair* case, but there is a vast difference between motions for new trial and applications to confirm sales under a security deed. In the latter, the statute specifically instructs the lien-holder to *report* to the judge of superior court within 30 days; whereas in the former, the statute, to wit, *Code Ann.* § 70-301, specifically provides that the "application shall be *filed* within 30 days of rendition of the verdict." The appellate courts of Georgia have held time and again that where a paper is required to be *filed,* without more, this means filing in the clerk's office. *New England Mortgage &c. Co. v. Collins,* 115 Ga. 104 (2) (41 SE 270). But here we have no statute requiring the *filing* within 30 days, but simply that it must be *reported to the judge of superior court within 30 days.*

It would be a travesty on justice to deny the relief sought by the lien-holder, when he complied with exactitude with each term of the statute governing this proceeding.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 6, 1972—DECIDED DECEMBER 4, 1972.

*Leon A. Wilson, II,* for appellants.
*Jones & Rountree, Barrie L. Jones,* for appellee.