### 53601. GOODMAN et al. v. VINSON et al.

SMITH, Judge.

Appellants brought this action under the Foreclosure Sales Act of 1935, Ga. L. 1935, p. 381 (Code Ann. §§ 67-1503, 67-1504 and 67-1505) for confirmation of the sale of real estate on foreclosure without legal process. They allege as error the trial court's sustaining of appellees' motion to dismiss for failure to comply with the statutory requirements. Finding no error, we affirm.

On October 13, 1976, in the office of the Clerk of the Superior Court of Spalding County appellants filed a petition to confirm the October 5, 1976 sale of certain real property. That sale was conducted pursuant to rights granted them by Richard F. Vinson in a deed to secure

debt. Also on October 13 the clerk of court issued a rule nisi requiring appellees on November 5, 1976, to show cause why appellants' petition should not be allowed. On November 5 the judge entered an order continuing the hearing on the rule nisi until November 19. At that hearing on November 19 the judge dismissed their petition because appellants failed to report the sale to him within thirty days of the sale, that report being required by Ga. L. 1935, p. 381 (Code Ann. § 67-1503).

On this appeal appellants contend that their filing the petition with the clerk and his entry on the calendar of a rule nisi, both having taken place within thirty days of sale, constitute the requisite report. We disagree. In *Dukes v. Ralston Purina Co.,* 127 Ga. App. 696, the petitioner presented his application for confirmation to the *judge,* and the *judge* signed a rule nisi, both within thirty days of sale. Indicating in *Dukes* that the judge himself is the one to whose attention the sale and its particulars must be brought, we found compliance with the report requirement of Section 1 of the Act (Code Ann. § 67-1503). Here, the judge's first involvement was when he signed the order of continuance on November 5, thirty-one days after sale. The presentation of the petition to the clerk will not suffice under the Act and *Dukes,* Section 1 of the Act specifically requiring a report of the sale "to the *judge* of the superior court of the county in which the land lies" (emphasis supplied), and making no mention of the court or the clerk.

Having found that what appellants did was not a fulfillment of the report requirement, we now find meritless their contention that the legislature did not intend that a report be made to the judge but their intent was to require petitioners to take action within thirty days of sale so as to give debtors notice that a deficiency judgment might be sought against them. Appellants ignore that in Section 3 (Code Ann. § 67-1505) the Act provides that at least five days notice of the confirmation hearing be given to the debtor. To construe Section 1 to require not a report to the judge but only notice for the debtor would be a perversion of the specific statutory language of that section and a repetition of the Section 3 notice provision.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED MAY 27, 1977.

*Carlisle & Newton, John T. Newton, Jr.,* for appellants.

*Beck, Goddard, Owen & Murray, James C. Owen, Jr., Lokey & Bowden, Gerald F. Handley, Glenn Frick,* for appellees.