### 65854. CORNELIA BANK v. BROWN et al.

DEEN, Presiding Judge.

Franklin Brown and Mitchell Black executed and delivered to appellant two deeds to secure debt conveying property in Habersham County, Georgia. When the notes became in default, and after proper notice to Brown and Black and legal advertisement, appellant publicly sold the property on August 3, 1982. Because the property brought less than the amount of the indebtedness, on September 1, 1982, appellant presented a petition for confirmation of the sale at the chambers of the superior court judge in Habersham County. The judge was not present at the time, but his secretary, acting upon authority previously given to her by the judge, affixed the judge's signature stamp to the order scheduling a hearing on the petition.

The judge confirmed the sale of the property, but prohibited appellant from seeking a deficiency judgment because the confirmation petition had not been presented to the judge personally. On appeal from that order, appellant contends that it sufficiently complied with the statutory requirement of presenting the petition to the judge. *Held:*

OCGA § 44-14-161(a) (Code Ann. § 67-1503) provides, in part, that when any real estate is sold on foreclosure under a power of sale "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon." The purpose of this statute is to protect debtors from deficiency

judgments when the property was sold for less than its true market value. *Kennedy v. Gwinnett Commercial Bank,* 155 Ga. App. 327 (270 SE2d 867) (1980); *First Nat. Bank &c. Co v. Kunes,* 128 Ga. App. 565 (197 SE2d 446) (1973).

In this case, the judge noted that he previously had provided his secretary with his signature stamp and authorized her to accept petitions and issue a rule nisi in any matter that did not require the exercise of judicial discretion, but nevertheless concluded that that procedure did not comply with the requirement of reporting the foreclosure sale to the judge. We disagree.

In previously ruling that presentation of a confirmation petition to the clerk of the superior court does not meet the reporting requirement, this court emphasized the literal language of the statute, "report the sale to the judge." *Goodman v. Vinson,* 142 Ga. App. 420 (236 SE2d 153) (1977). See also *Dukes v. Ralston Purina Co.,* 127 Ga. App. 696 (194 SE2d 630) (1972). Here it was undisputed that appellant presented the petition at the chambers of the superior court judge and that the judge's secretary had the delegated authority to accept petitions in any ministerial matter. We adhere to the rule that it is the judge to whose attention the foreclosure sale must be brought, but we find that appellant technically did report the matter to the judge, for the purposes of OCGA § 44-14-161(a) (Code Ann. § 67-1503). Appellant obviously presented its confirmation petition to the office of the superior court judge in the manner authorized by the judge, and it was error to deny appellant's right to pursue a deficiency judgment.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 29, 1983 — ▬▬▬▬▬▬

*Stephen D. Frankum,* for appellant.
*John O. Bouwsma,* for appellees.

CARLEY, Judge, concurring specially.

I agree with the majority that the trial court erred in determining that the procedure utilized in this case "did not comply with the requirement of reporting the foreclosure sale to the judge." However, I believe that the trial court's order is erroneous in another respect and while that error is ostensibly one of form, it could have extensive substantive implications. I refer to the fact that, based upon what we have found to be an erroneous conclusion that the

confirmation application was not timely reported to the superior court judge, the trial court "confirmed the sale," but purported to deny the applicant mortgagee the right to seek a deficiency judgment in a subsequent proceeding. This would have been error even had the trial court been correct in finding that the procedure utilized in this case did not comply with the applicant's obligation to "within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval..." OCGA § 44-14-161 (a) (Code Ann. § 67-1503). If the procedure utilized had been ineffective to comply with the statute — as was the case in connection with the "filing" with the clerk in *Goodman v. Vinson,* 142 Ga. App. 420 (236 SE2d 153) (1977) — the correct disposition of the case by the trial judge would be, as in *Goodman,* the dismissal of the petition "because appellants failed to report the sale to [the superior court judge] within thirty days of the sale . . ." *Goodman v. Vinson,* supra, 421.

If, indeed, an application for confirmation is not presented either within the time provided or to the person provided under OCGA § 44-14-162 (Code Ann. § 67-1506), the application must be dismissed and no consideration of the merits thereof is proper or appropriate. The issue of a deficiency judgment in favor of the mortgagee is one cognizable by a court having jurisdiction and venue over an action in personam against the mortgagor after successful confirmation of a foreclosure sale and is not relevant to the confirmation proceeding itself. "[A] confirmation proceeding held in accordance with [OCGA § 44-14-161 (Code Ann. § 67-1503 et seq.)] is extremely narrow in scope — the issues in such proceedings being the evaluation of real estate sold under power as to the date of its sale and the regularity of that sale." *Alexander v. Weems,* 157 Ga. App. 507, 508 (277 SE2d 793) (1981). Thus, when based upon proper findings of facts supported by sufficient evidence, the superior court finds that a foreclosure sale should be "confirmed," the judge has exhausted his power and authority within the context of those proceedings. It appearing from the record in this case that the evidence supports the trial judge's determination that the sale should be confirmed, upon remand, the judgment of the trial court should so provide and should not deal in any way with the issue of a deficiency judgment.