68136. BENTLEY v. NORTH GEORGIA PRODUCTION CREDIT ASSOCIATION.

BANKE, Judge.

This is an appeal from an order of the Superior Court of Lincoln County denying confirmation of a foreclosure sale and ordering a re-

sale of the property. The original sale, which was conducted under power of sale provisions contained in two deeds to secure debt, resulted in the purchase of the property by the appellee, North Georgia Production Credit Association (PCA), for less than the amount of the secured indebtedness. Although PCA filed a petition for confirmation of the sale with the clerk of the superior court within 30 days, the sale was not reported to the judge of that court until more than 30 days had passed. The appellant, Jack W. Bentley, moved to dismiss the petition based on PCA's failure to report the sale in a timely manner, and the trial court subsequently issued an order disapproving the sale, denying confirmation, and ordering resale of the property. Bentley contends on appeal that the trial court should simply have dismissed the petition. *Held*:

1. The confirmation statute, OCGA § 44-14-161, provides that no action may be taken to obtain a deficiency judgment after a foreclosure sale unless the person instituting the foreclosure proceedings reports the sale to the judge of the superior court within 30 days after it takes place. This statute is in derogation of common law and must be strictly construed. See *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696, 697 (194 SE2d 630) (1972). The judge himself, not the clerk of court, is the one to whose attention the report of sale and its particulars must be brought. See *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977). See also *Cornelia Bank v. Brown*, 166 Ga. App. 68 (303 SE2d 171) (1983). Absent compliance with the reporting requirement, the petition for confirmation is subject to dismissal. See generally *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (1) (270 SE2d 867) (1980); *Cornelia Bank v. Brown*, supra. Accordingly, the trial court erred in refusing to grant the appellant's motion to dismiss.

2. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984.

*Lawson E. Thompson*, for appellant.
*John Stephen Jenkins*, for appellee.