## A89A1693. OVIEDO v. CONNECTICUT NATIONAL BANK.
(391 SE2d 417)

BEASLEY, Judge.

Oviedo appeals a final order of confirmation and approval of foreclosure sales of his real property in favor of The Connecticut National Bank.

The bank purchased Oviedo's lots at foreclosure sale on October 4, 1988. Pursuant to requirements in the security deeds held by the bank prior to foreclosure, Oviedo was given timely written notice of the foreclosure sale and of the bank's intention to claim attorney fees under OCGA § 13-1-11. Also prior to the sale, the bank ran the required advertisements.

On November 1, it presented its application for confirmation of the sales to a judge of the superior court of the county in which the land was located. On the same day, the court directed that notice be given of a hearing on December 13 on the application for confirmation. The bank's counsel requested the sheriff of the county of Oviedo's residence to serve the pleadings and order on Oviedo, which was done on December 6. By consent of the parties, the hearing was rescheduled for February 13, 1989, and notice of the new hearing date was served by mail on Oviedo's counsel.

Oviedo's contention is that OCGA § 44-14-161 (a) contains a thirty-day "statute of limitation" requiring that he be served with the application for confirmation within thirty days of the foreclosure sale and that the trial court erred in concluding that the statute did not contain such a condition.

The plain language of the statute does not impose this requirement for service of the report on the debtor within the thirty days. The thirty-day report to the judge is not intended to give notice to the debtor. See *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977). The notice requirement for the debtor is that he be given at least five days notice of the confirmation hearing. OCGA § 44-14-161 (c); *Goodman*, supra at 421; see *Parnell v. Etowah Bank*, 144 Ga. App. 794, 795 (1) (242 SE2d 487) (1978). As in this case, this would include a copy of the report.

We recognize that the confirmation statute is in derogation of the common law, and must be strictly construed. *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565, 566 (1) (197 SE2d 446) (1973). We also recognize that it is "a debtor's relief Act," *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (240 SE2d 76) (1977), and that it is the debtor who seeks construction of the statute so as to favor him. However, the statutory language is plain and neither needs construction nor, if it needed construction, would it carry the meaning urged by appellant, which amounts to a foreign import. Finally, despite appellant's suggestion, there is no indication of a legislative intent to incor-

porate within the reporting provision the time requirement of the Civil Practice Act, OCGA § 9-11-4 (c), for service on the debtor within five days from the day the report is presented to the judge.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1990 —
REHEARING DENIED FEBRUARY 23, 1990 — 

*Glennville Haldi*, for appellant.
*Hansell & Post, Lowell H. Hughen*, for appellee.