A93A1654. HERNANDEZ v. RESOLUTION TRUST CORPORATION.
(436 SE2d 534)

JOHNSON, Judge.

Southern Federal Savings Association of Georgia conducted a non-judicial foreclosure sale of Julio A. Hernandez' property under the power contained in a deed to secure debt. Southern Federal's successor in interest, the Resolution Trust Corporation (RTC), presented a report of the sale and petition for confirmation to the Honorable Jo Ann Bayneum, Chief Fulton County Magistrate Judge, sitting as Presiding Judge of the Superior Court of Fulton County. Judge Bayneum executed an acknowledgment of the report. At a hearing on the confirmation petition, Hernandez claimed the RTC did not properly report the sale because it was not reported to the specific judge to whom the case was assigned, Judge Elizabeth Long, and that Judge Bayneum was not a judge of the Superior Court of Fulton County. Judge Long denied Hernandez' contentions and confirmed the sale. Hernandez appeals.

1. Hernandez contends that the requirement of OCGA § 44-14-161 (a) that the report of sale must be presented within 30 days of the sale "to the judge of the superior court of the county in which the land is located" means the specific judge to whom the case is assigned and that reporting the sale to the presiding judge is insufficient to comply with the statute. We recognize the confirmation statute is in derogation of the common law and must be strictly construed, *Oviedo v. Connecticut Nat. Bank,* 194 Ga. App. 626 (391 SE2d 417) (1990), however, we find this contention to be without merit. The statutory language is plain and the clear import of that language is that the report must simply be made to a judge of the superior court of the county in which the land is located and presentation of the report to the presiding judge in this case complied with the statute. This holding is consistent with our decision in *Cornelia Bank v. Brown,* 166 Ga. App. 68 (303 SE2d 171) (1983), in which we found technical compliance with the statute where the report of sale was made to the judge's secretary who had the delegated authority to accept petitions in any ministerial manner. Hernandez' reliance on *F.D.I.C. v. M.C. Honea, Jr., Inc.,* 440 FSupp. 1064 (N.D. Ga. 1977), is misplaced. A review of that decision reveals that *Honea* stands for the proposition that if the confirmation proceeding is brought in federal court, the report of sale should be made to a federal court judge rather than a judge of the

superior court of the county in which the land lies. Id. at 1066.

2. Hernandez contends Judge Long erred in finding Magistrate Judge Bayneum was authorized to accept the report of sale because the order appointing Judge Bayneum to act as a temporary superior court judge is not included in the record of this case and Judge Long could not take judicial notice of Judge Bayneum's appointment. This contention lacks merit.

Judge Bayneum signed the acknowledgment of the sale as Presiding Judge of the Superior Court of Fulton County. We note that there is "a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law." (Citations omitted.) *Morris v. Clark*, 189 Ga. App. 228, 229 (1) (375 SE2d 616) (1988). Moreover, Judge Long stated in the final order of confirmation that she was familiar with standing orders of the court appointing Judge Bayneum to serve as a judge of Fulton Superior Court pursuant to OCGA § 15-1-9.1. Under this section, upon a written request for assistance from the chief superior court judge, a judge from another court within the same county may be appointed as a temporary superior court judge and shall discharge all the duties and exercise all the powers and authority of a superior court judge. OCGA § 15-1-9.1 (b) (2), (e). A written designation appointing the substitute judge and defining the scope and tenure of such requested service is on file in the minutes of the superior court clerk's office in which the service is to be performed. OCGA § 15-1-9.1 (e), (f). Judge Bayneum's appointment as a temporary Fulton County superior court judge is thus a matter of public record and Judge Long properly took judicial notice of that fact. *Merritt v. State*, 121 Ga. App. 832, 833 (3) (175 SE2d 890) (1970); *Fluker v. State*, 187 Ga. 418 (1 SE2d 29) (1939); *Perry v. State*, 113 Ga. 936, 938 (1) (39 SE 315) (1901). The RTC properly presented the report of sale and petition for confirmation to a superior court judge as required by OCGA § 44-14-161 (a).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 28, 1993 —
RECONSIDERATION DENIED OCTOBER 14, 1993

*Fine & Block, Paul R. Jordan, Kenneth I. Sokolov*, for appellant.
*Parker, Johnson, Cook & Dunlevie, William A. Capp, John A. Thomson, Jr.*, for appellee.