## A96A0429. JOHN ALDEN LIFE INSURANCE COMPANY v. GWINNETT PLANTATION, LTD. et al.
### (470 SE2d 482)

SMITH, Judge.

John Alden Life Insurance Company (Alden) foreclosed on certain real property on May 2, 1995. On May 11, 1995, Alden filed a petition for confirmation of foreclosure sale in Gwinnett County Superior Court because there was a deficiency between the amount of the debt and the sale price of the property. The summons attached to the petition was stamped in the clerk of court's office "Assigned to Judge Winegarden," and the application recited that Alden was "report[ing] the sale under power to this court within thirty . . . days." Alden's counsel stated via affidavit that he personally hand delivered

and filed the application with the clerk of court's office and was told that the application was assigned to Judge Winegarden. Alden took no further action to report the sale to a superior court judge, however. Appellees, against whom the application had been filed, moved to dismiss. The trial court granted the motion, concluding that Alden failed to report the sale to a judge as required by OCGA § 44-14-161, and Alden appeals.

OCGA § 44-14-161 (a) provides in relevant part that "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon." Alden argues that the assignment by the clerk to Judge Winegarden was tantamount "to reporting the sale to the judge as required by law."

We disagree. OCGA § 44-14-161 must be strictly construed because it is a statute in derogation of common law. *Bentley v. North Ga. Prod. Credit Assn.*, 170 Ga. App. 361, 362 (1) (317 SE2d 339) (1984). "The judge himself, not the clerk of court, is the one to whose attention the report of sale and its particulars must be brought. [Cits.]" Id. See also *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977); compare *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696 (194 SE2d 630) (1972).

*Cornelia Bank v. Brown*, 166 Ga. App. 68 (303 SE2d 171) (1983) is distinguishable on its facts. There, the petition for confirmation of sale was presented at the chambers of the superior court judge. The judge was not present, "but his secretary, acting upon authority previously given to her by the judge, affixed the judge's signature stamp to the order scheduling a hearing on the petition." Id. at 68. We found that the petitioner technically complied with the statute because the petition was presented "to the office of the superior court judge in the manner authorized by the judge." Id. at 69.

Here, the petition was not presented by Alden to the office of the superior court judge in any manner whatsoever; Alden even admits that nothing prevented its attorney "from going to Judge Winegarden's office for the purpose of delivering this application to him personally." Alden clearly failed to comply with OCGA § 44-14-161. The trial court did not err in dismissing the petition.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MARCH 27, 1996.

*Snellings & Ferguson, Stanley T. Snellings*, for appellant.

*Andersen, Davidson & Tate, Thomas T. Tate,* for appellees.