A96A0564. LANIER BANK & TRUST COMPANY v. NIX.
(471 SE2d 229)

BLACKBURN, Judge.

Lanier Bank & Trust Company (Lanier Bank) appeals the trial court's order dismissing its foreclosure confirmation proceeding. On appeal, Lanier Bank contends the trial court erred in finding that filing a confirmation petition with the clerk of court was insufficient to meet the mandates of OCGA § 44-14-161 (a).

OCGA § 44-14-161 (a) provides, "[w]hen any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings

shall, within 30 days after the sale, report the sale to the *judge* of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon." (Emphasis supplied.)

Citing *Hernandez v. Resolution Trust Corp.*, 210 Ga. App. 538 (436 SE2d 534) (1993) and *Cornelia Bank v. Brown*, 166 Ga. App. 68 (303 SE2d 171) (1983), Lanier Bank contends that the reporting requirement of OCGA § 44-14-161 is a ministerial function of the court which may be delegated. We cannot agree. In *Hernandez*, supra, we held that the reporting required by the statute did not have to be made to the specific judge to whom the case was assigned because the statute required only that the report be made to "a judge of the superior court of the county in which the land is located." Id. at 538. In *Cornelia Bank*, we determined that the bank's presentation of its petition to the judge's secretary whom the judge had previously authorized to accept such petitions was sufficient to meet the mandates of OCGA § 44-14-161 (a). Contrary to Lanier Bank's arguments, our holdings in *Hernandez*, supra, and *Cornelia Bank*, supra, do not support its contention that filing with the superior court clerk is sufficient to meet the mandates of OCGA § 44-14-161 (a).

In the present case, it is clear that Lanier Bank did not attempt to present its petition to the judge or even to the judge's office. Instead, Lanier Bank relies on its filing with the clerk of court by asserting that OCGA § 15-6-61 (a) (3) provides a basis for the superior court clerk's acceptance of the petition in place of the judge. OCGA § 15-6-61 (a) (3) provides that it is the superior court clerk's duty "[t]o issue and sign every summons, writ, execution, process, order, or other paper under authority of the court and attach seals thereto when necessary. The clerk shall be authorized to issue and sign under authority of the court any order to show cause in any pending litigation and any other order in the nature of a rule nisi, where no injunctive or extraordinary relief is granted."

A clerk's authority to accept papers under the authority of the court does not in any way implicate the process by which a foreclosure sale is confirmed. The Georgia Supreme Court has previously determined that an application for confirmation of a foreclosure is initiated only upon filing the creditor's report with a superior court judge. "It is clear . . . that an application for confirmation is *not* a 'complaint' which initiates a 'civil action' in the superior court. . . . Indeed, entirely unlike a 'civil action' which is initiated by the filing of a 'complaint' with the clerk of the court, a confirmation proceeding can only be initiated by the creditor's report of the sale to the superior court judge." *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993).

Furthermore, Lanier Bank's assertions that this is a case of first

impression are without merit. In *Cornelia Bank*, supra at 69, we found that "[i]n previously ruling that presentation of a confirmation petition to the clerk of the superior court does not meet the reporting requirement, this court emphasized the literal language of the statute, 'report the sale to the judge.' *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977). See also *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696 (194 SE2d 630) (1972)."

The trial court correctly determined that Lanier Bank failed to comply with the reporting mandates of OCGA § 44-14-161 (a).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 12, 1996 —
RECONSIDERATION DENIED MAY 8, 1996 — 

*Banks & Stubbs, Rafe Banks III*, for appellant.
*David C. Butler*, for appellee.