## A04A1470. ATLANTA EMPOWERMENT ZONE CORPORATION v. LIGHT ENERGY MANAGEMENT, INC. et al.

(605 SE2d 124)

ADAMS, Judge.

Atlanta Empowerment Zone Corporation ("Zone") filed an Application for Confirmation of Sale Under Power (the "Application") in the Superior Court of Clayton County. According to the Application, Light Energy Management, Inc. had defaulted under the terms of a promissory note payable to Zone in the principal amount of $3,250,000. The note was secured by real estate subject to a deed to secure debt recorded in the Superior Court of Fulton County. In accordance with the power of sale contained in the security deed, and after advertisement of the sale, the property was sold at auction to Zone for $650,000. Zone asked the trial court to confirm and approve the sale in accordance with OCGA § 44-14-161.

In its answer, Light Energy claimed the Application was fatally defective because it was not brought in the county where the real property at issue was located. Acknowledging that the land was located in Fulton County, Zone moved to transfer the case to the Superior Court of Fulton County. The trial court denied the motion to transfer and dismissed the Application for lack of venue. Zone appeals, contending that the Application is a "civil proceeding," and the trial court therefore erred in failing to transfer the case in accordance with Uniform Superior Court Rule 19.1. We disagree and affirm.

> [T]he Georgia Constitution provides: "any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. This constitutional mandate was implemented in the Uniform Transfer Rules, enacted in 1984. Section T-4 of the Uniform Transfer Rules provides "when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both(, s)uch motion shall be treated as a motion to transfer pursuant to these rules."

(Citation and footnote omitted.) *McDonald v. MARTA*, 251 Ga. App. 230, 231 (554 SE2d 226) (2001). Section T-1 of the Uniform Transfer Rules provides that the rules apply to the superior courts. USCR 19.1 also implements transfer rules for the superior courts, including the specific procedures for a transfer. Accordingly, the threshold question is whether an application for confirmation of foreclosure under OCGA § 44-14-161 is a civil case subject to transfer for purposes of the Georgia Constitution, the Uniform Transfer Rules, and USCR 19.1.

OCGA § 44-14-161 is a special statutory procedure not generally analogous to a civil suit. "The proceeding . . . is not a 'suit' but an application to the 'Judge of the Superior Court.' " *Jonesboro Investment Trust Assn. v. Donnelly*, 141 Ga. App. 780, 783 (1) (234 SE2d 349) (1977). OCGA § 44-14-161 (a) requires that a sale of property without legal process, but under powers such as those contained in a security deed or other lien contract, be confirmed through the process specified in the statute before an action may be taken to obtain a deficiency judgment against the debtor. The process requires that the party initiating the foreclosure sale "within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon." Id. "This statute is in derogation of common law and must be strictly construed." *Bentley v. North Ga. Production Credit Assn.*, 170 Ga. App. 361, 362 (1) (317 SE2d 339) (1984).

*Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (430 SE2d 732) (1993) is persuasive on the question of whether the OCGA § 44-14-161 confirmation process is a "civil case" for purposes of the constitutional transfer requirement and the rules enacted thereunder. At issue in *Vlass* was whether the provisions of the Civil Practice Act, particularly the service requirements of OCGA § 9-11-4, applied to the creditor's application for confirmation under OCGA § 44-14-161. In finding that the service requirements did not apply, the Supreme Court held that "an application for confirmation is *not* a 'complaint' which initiates a 'civil action' in the superior court. Even though an application to confirm a foreclosure sale is a special statutory proceeding, it is not a 'civil suit' in the ordinary meaning of that term." (Citations and punctuation omitted; emphasis in original.) Id. at 297. Furthermore, the court noted, the confirmation proceeding did not result in a personal judgment, nor adjudicate the title of the property sold. Id. Applying that reasoning here, Zone's Application was not a "civil case" subject to the constitutional transfer requirements.

Another reason for not treating the Application as a civil case subject to transfer or, as Zone argues, a civil "proceeding" subject to USCR 19.1,[1] is that the specific requirements of the confirmation process are not amenable to transfer to another court. The confirmation application must be reported to a judge in the superior court of the county where the land lies. OCGA § 44-14-161 (a). A filing with the clerk of the superior court of the county in which the land lies is

---

[1] "[A] timely motion in any pending civil action or proceeding (1) by any party, that jurisdiction is lacking or that venue is improper, or (2) by the court, sua sponte, that subject matter jurisdiction is lacking, shall be treated as a motion to transfer the action to another court, whether in the same or another county of this state." USCR 19.1 (A).

insufficient. "The judge himself, not the clerk of court, is the one to whose attention the report of sale and its particulars must be brought." (Citation and punctuation omitted.) *John Alden Life Ins. Co. v. Gwinnett Plantation*, 220 Ga. App. 846, 847 (470 SE2d 482) (1996). Our Constitution requires that a case be transferred to "the court" where venue lies. Consistent with that mandate, USCR 19.1 (H) provides only that the case documents be transmitted to the clerk of the transferor court, a process which could not replace a presentation to a judge in view of the strictly construed requirements of the confirmation process. Based on the foregoing, we conclude that the trial court did not err in denying Zone's motion to transfer and in dismissing the Application.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 24, 2004.

*Thomas, Kennedy, Sampson & Patterson, Pickens A. Patterson, Jr.,* for appellant.

*Welch, Spell, Reemsnyder, Pless & Davis, Ronald D. Reemsnyder,* for appellees.