A10A1818. BRIDGES v. CB&T BANK OF MIDDLE GEORGIA.
(701 SE2d 898)

JOHNSON, Judge.

CB&T Bank of Middle Georgia filed an action to confirm a foreclosure sale of property formerly owned by Caren Bridges. After a hearing, the trial court entered an order confirming and approving the sale. Bridges appeals, arguing that the trial court erred in finding that the bank had reported the sale to the court as required by statute. The argument is without merit, and we thus affirm the judgment of the trial court.

"OCGA § 44-14-161 . . . requires judicial approval of foreclosure sales under power of sale in order to obtain a deficiency judg-

---

ment[.]"[1] It includes the following reporting requirement:

When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.[2]

At the confirmation hearing, the attorney for CB&T stated in his place that, within 30 days of the foreclosure sale, he had reported it to the very judge conducting the hearing in a letter which, among other things, expressly stated that the letter was meant to comply with the reporting requirement of OCGA § 44-14-161. Moreover, even though "[n]othing in [that Code section's] language imposes an evidentiary or procedural requirement that any such report to the superior court be formally tendered into evidence as an exhibit[,]"[3] a copy of the letter reporting the sale to the court in this case was tendered and admitted as an exhibit.

"[A]ttorneys are officers of the court, and a statement to the court in his place is prima facie true and needs no further verification unless the same is required by the court or the opposite party."[4] In this case, the trial court did not require any further verification of the attorney's statement in his place that he had notified the court via the letter. Rather, the judge specifically found "that there really is no evidence to dispute that in fact I was notified, as required by the statute, and I certainly don't dispute that I have." While Bridges' attorney challenged the report on the ground that he had not previously seen it, there is no requirement that the debtor be notified of such a report. "The plain language of the statute does not impose this requirement for service of the report on the debtor within the thirty days. The thirty-day report to the judge is not intended to give notice to the debtor. [Cit.]"[5] Accordingly, contrary to Bridges' claim, the trial court

---

[1] *Parks v. Bank of New York*, 279 Ga. 418, 419 (614 SE2d 63) (2005).

[2] OCGA § 44-14-161 (a).

[3] *Stepp v. Farm &c. Life Ins. Co.*, 222 Ga. App. 257, 258 (1) (474 SE2d 108) (1996).

[4] (Citation and punctuation omitted.) *Harbolt v. Pelletier*, 291 Ga. App. 582, 583 (1), n. 3 (662 SE2d 355) (2008).

[5] *Oviedo v. Connecticut Nat. Bank*, 194 Ga. App. 626 (391 SE2d 417) (1990).

did not err in concluding that CB&T properly reported the sale "to a superior court judge as required by OCGA § 44-14-161 (a)."[6]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED SEPTEMBER 30, 2010.

George L. Williams, Jr., for appellant.

Page, Scrantom, Sprouse, Tucker & Ford, Chandler W. Riley, for appellee.

---

[6] *Hernandez v. Resolution Trust Corp.*, 210 Ga. App. 538, 539 (2) (436 SE2d 534) (1993).