A10A1706. FLAT SHOALS LAND HOLDING, LLC et al.
v. DECATUR FIRST BANK.
(705 SE2d 311)

MIKELL, Judge.

The DeKalb County Superior Court entered an order that denied confirmation of a nonjudicial sale of property conducted by appellee

---

[24] Id.

Decatur First Bank (the "Bank"), but permitted resale of the real property involved. The court also denied the motion to dismiss the Bank's petition for confirmation filed by appellants Flat Shoals Land Holding, LLC ("Flat Shoals"); Jeffrey M. Notrica; Inman Park Properties, Inc.; Inman Park Properties of East Atlanta, LLC; and 1620 Piedmont Avenue, LLC. Appellants appeal from the denial of their motion to dismiss the Bank's petition, contending in their sole enumeration of error that the trial court erred in denying their motion to dismiss, because the Bank failed to report the foreclosure sale within 30 days to the judge of the superior court, as required by OCGA § 44-14-161 (a).[1] We disagree and affirm.

In a confirmation proceeding, the trial court sits as the trier of fact, and its findings will not be disturbed on appeal if there is any evidence to support them.[2] Further, on appellate review, "we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment."[3]

Properly viewed, the record reflects that the property at issue was sold to the Bank for $175,000 on May 5, 2009, pursuant to a power of sale contained in a deed to secure debt from Flat Shoals in favor of the Bank.[4] On May 13, 2009, the Bank filed a petition for confirmation of the foreclosure sale under OCGA § 44-14-161 with the clerk of the DeKalb County Superior Court. The petition was denominated "Report of Foreclosure Sale under Power of Sale and Petition for Confirmation of Such Foreclosure Sale." On the same day that the petition was filed, Nicole Robben, legal assistant to the Bank's counsel, delivered a file-stamped copy of the petition to the court's receptionist at the central reception desk on the floor where the chambers of the assigned judge, Judge Daniel M. Coursey, Jr., were located. According to the affidavit of Cathy W. McCumber, the superior court administrator, attorneys and persons acting for attorneys routinely deliver packages and envelopes to the receptionist sitting at the reception desk on the floor where the judges' offices are

---

[1] In order to seek a deficiency judgment following a foreclosure sale, OCGA § 44-14-161 (a) requires that "the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon."

[2] *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009); *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180-181 (1) (622 SE2d 890) (2005).

[3] (Punctuation and footnote omitted.) *Wilson*, supra at 181 (1).

[4] The deed to secure debt was granted by Flat Shoals in order to secure a promissory note from Flat Shoals to the Bank, executed on August 29, 2008, in the original principal amount of $606,786.55. The promissory note was guaranteed by appellants Jeffrey M. Notrica; Inman Park Properties, Inc.; Inman Park Properties of East Atlanta, LLC; and 1620 Piedmont Avenue, LLC.

located. Periodically, the receptionist alerts the judge's office that a delivery has been left for the judge; and staff members to the judges routinely stop by to check for packages left for their judge.

At the hearing on appellants' motion to dismiss, Judge Coursey noted that the file-stamped copy of the petition was delivered by the receptionist to his calendar clerk, Heather Nicholson, "who was authorized to accept it and signed the rule nisi," which was filed on May 14, 2009, well within the 30-day statutory period. The judge further stated from the bench that due to security concerns at the DeKalb County Courthouse, no one is allowed to proceed past the receptionist without special permission. The judge also stated that "Ms. Nicholson is my calendar clerk and she handles all these matters for me."

As Judge Coursey correctly observed, this case is controlled by our decision in *Cornelia Bank v. Brown*.[5] In that case, the bank seeking confirmation of a foreclosure sale presented its petition within 30 days of the sale at the chambers of the superior court judge in the proper county, but the judge was not there, so his secretary, acting upon authority given to her by the judge, affixed the judge's signature stamp to the order scheduling a hearing on the petition.[6] The judge ruled that the bank had not complied with the reporting requirement of OCGA § 44-14-161 (a), because the petition had not been presented to the judge personally.[7] We reversed on the ground that the bank had presented its petition to the office of the superior court judge in the manner authorized by the judge.[8]

Similarly, in the case before us, the petition reached the judge's chambers in the manner authorized by the judge and within the time period allowed by the statute.[9] Although "the confirmation statute is in derogation of the common law and must be strictly construed,"[10] we conclude that the manner in which the Bank reported the sale in this case complied with the statute. Accordingly, we find no error in the trial court's denial of appellants' motion to dismiss the Bank's petition.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[5] 166 Ga. App. 68 (303 SE2d 171) (1983).

[6] Id.

[7] Id.

[8] Id. at 69.

[9] Compare *Lanier Bank &c. Co. v. Nix*, 221 Ga. App. 323, 324 (471 SE2d 229) (1996) (bank did not comply with reporting requirement where bank made no attempt to present petition to judge or even to judge's office, but relied solely on filing petition with clerk of court, distinguishing *Cornelia*, supra).

[10] (Citation omitted.) *Hernandez v. Resolution Trust Corp.*, 210 Ga. App. 538 (1) (436 SE2d 534) (1993).

DECIDED JANUARY 6, 2011 — 

*Robbins, Freed & Ross, Gary S. Freed, Chamberlain, Hrdlicka, White, Williams & Martin, Fletcher B. Howard,* for appellants.
*Fred R. Slotkin, Jr.,* for appellee.