A10A2203. CITIZENS BANK OF EFFINGHAM v. ROCKY MOUNTAIN ENTERPRISES, LLC.
(708 SE2d 557)

BARNES, Presiding Judge.

Following the dismissal of its petition pursuant to OCGA § 44-14-161 for confirmation of a foreclosure sale on certain property in Effingham County, Citizens Bank of Effingham ("the Bank") appeals, contending that the trial court erred in finding that, by filing the application with the clerk of the court rather than with the superior court judge, the Bank failed to comply with the requirements of OCGA § 44-14-161 (a). For the reasons set forth below, we affirm.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them." (Citation omitted.) *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009). We apply a de novo standard of review to any questions of law decided by the trial court. *Washington v. Harrison*, 299 Ga. App. 335, 336 (682 SE2d 679) (2009).

The record shows that Rocky Mountain Enterprises, LLC ("Rocky Mountain") gave the Bank a deed to secure debt on certain property located in Effingham County. When the company defaulted on the underlying note, the Bank foreclosed on the property in accordance with the terms of the power of sale contained in the deed. The property was sold on the courthouse steps on May 5, 2009 to the Bank, who thereafter filed a petition for confirmation of sale and a notice of hearing with the clerk of the superior court. An order setting the hearing for May 28, 2009 was filed in the court on May 14, 2009, although it was not signed by the clerk or a superior court judge.

Rocky Mountain's attorney filed an entry of appearance and motion for continuance on May 18, 2009, which the trial court granted on May 26, 2009. At the July 2, 2009 confirmation hearing, Rocky Mountain moved to dismiss the application for confirmation of the sale, contending that the Bank did not present the application directly to a superior court judge, and thus failed to comply with the requirements of OCGA § 44-14-161. The Bank countered that the clerk had acted as a delegated authority of the superior court judge, and also that Rocky Mountain had acknowledged the propriety of the application by requesting a continuance rather than attacking the application.

The trial court granted the motion and dismissed the application for confirmation with prejudice. In its order the trial court held that

> a clerk's authority to accept papers under authority of the court does not in any way implicate the process by which a foreclosure sale is confirmed. Unlike a "civil action," which is initiated by the filing of a complaint with the clerk of court, a confirmation proceeding can only be initiated by presenting the creditor's report of the sale to the superior court judge. . . . In the case at bar, the record shows that the Application and Notice of Hearing were not presented to and signed by a superior court judge or anyone else with proper legal authority as required by law.

The procedure for confirmation of nonjudicial foreclosure sales

is set forth in OCGA § 44-14-161, which provides:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, *no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.*
>
> . . .

(Emphasis supplied.) "The [confirmation] proceeding . . . is not a 'suit' but an application to the 'Judge of the Superior Court.' " *Jonesboro Investment Trust Assn. v. Donnelly*, 141 Ga. App. 780, 783 (1) (234 SE2d 349) (1977) (physical precedent only).

1. The Bank first contends that even if the trial court did not sign the application, the application and report of the sale were brought to the attention of the superior court when it was presented with the motion for a continuance within the 30-day statutory period. It argues that the motion for continuance referenced the application for confirmation, and thus the sale was *reported* to the Court within 30 days as required by OCGA § 44-14-161. We do not agree.

In *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977), the appellants contended that their filing the petition with the clerk and his entry on the calendar of a rule nisi, both having taken place within 30 days of sale, constituted the requisite reporting of the confirmation pursuant to the statute. We held that

> what appellants did was not a fulfillment of the report requirement, [and] we now find meritless their contention that the legislature did not intend that a report be made to the judge but their intent was to require petitioners to take action within thirty days of sale so as to give debtors notice that a deficiency judgment might be sought against them.

Id. at 421.

Our holding in *Bridges v. CB&T Bank of Middle Ga.*, 306 Ga. App. 277 (701 SE2d 898) (2010), does not mandate a different result. In *Bridges*, the trial court found that the reporting requirement in

OCGA § 44-14-161 had been accomplished when the attorney for CB&T sent a letter to the superior court judge within 30 days which, among other things, expressly stated that the letter was meant to comply with the reporting requirement of OCGA § 44-14-161. Id. at 278. There, unlike the circumstances here, the trial judge expressly found no evidence to dispute that he was notified about the sale. We held:

> [T]he trial court did not require any further verification of the attorney's statement in his place that he had notified the court via the letter. Rather, the judge specifically found "that there really is no evidence to dispute that in fact I was notified, as required by the statute, and I certainly don't dispute that I have." While Bridges' attorney challenged the report on the ground that he had not previously seen it, there is no requirement that the debtor be notified of such a report. "The plain language of the statute does not impose this requirement for service of the report on the debtor within the thirty days. The thirty-day report to the judge is not intended to give notice to the debtor. (Cit.)"

Id. at 278.

Thus, this enumeration fails.

2. The Bank also contends that the clerk of the court was a proper legal authority under the statute. It maintains that in a previous case, its attorney had presented a petition for confirmation "in open court" and the same superior court judge assigned to the present case had instructed him to file the petition with the clerk of court, thus "authorizing" this manner of filing, which it followed in this case.

An application for confirmation pursuant to OCGA § 44-14-161 is a special statutory proceeding and not a complaint which initiates a civil action or suit in the ordinary meaning of those terms. *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993). The statutory procedure requires that, before the Bank was entitled to file an action to obtain a deficiency judgment against Rocky Mountain, it must within 30 days report the foreclosure sale and seek confirmation of the sale in the Effingham County Superior Court, where the foreclosed land was located, by showing that the sale was lawfully conducted and brought at least the fair market value of the land on the date of the sale. *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004).

In *Bentley v. North Ga. Production Credit Assn.*, 170 Ga. App. 361 (317 SE2d 339) (1984), which the trial court cited in its order, we held that OCGA § 44-14-161 prohibits any action to obtain a

deficiency judgment after a foreclosure sale

> unless the person instituting the foreclosure proceedings reports the sale to the judge of the superior court within 30 days after it takes place. This statute is in derogation of common law and must be strictly construed. The judge himself, not the clerk of court, is the one to whose attention the report of sale and its particulars must be brought. Absent compliance with the reporting requirement, the petition for confirmation is subject to dismissal.

(Citations omitted.) Id. at 362 (1).

Likewise, in *John Alden Life Ins. Co. v. Gwinnett Plantation*, 220 Ga. App. 846 (470 SE2d 482) (1996), Alden's counsel stated via affidavit that he personally filed the application with the clerk of court's office and was told that the application was assigned to a specific judge. Alden took no further action to report the sale to a superior court judge, and Gwinnett Plantation moved to dismiss the application. Id. at 847. The trial court granted the motion, concluding that Alden failed to report the sale to a judge as required by OCGA § 44-14-161. We affirmed, finding that because the petition was not presented by Alden to the office of the superior court judge in any manner, he "clearly failed to comply with OCGA § 44-14-161." Id. Cf. *Cornelia Bank v. Brown*, 166 Ga. App. 68 (303 SE2d 171) (1983) (The petition for confirmation of sale was presented at the chambers of the superior court judge, and because the judge was not present his secretary, acting upon authority given to her by the judge, stamped the judge's signature to the order scheduling a hearing on the petition.).

As noted earlier, OCGA § 44-14-161 imposes the requirement for service of the report on the judge within 30 days of the sale. See *Bridges v. CB&T Bank of Middle Ga.*, 306 Ga. App. at 278. We can find no cases, nor does the Bank cite any, where we have imputed notice to a superior court judge who has not acknowledged that it gave someone else the authority to receive notice on its behalf.

Although the Bank argues that in a previous case, its attorney had presented a petition for confirmation "in open court" and the same superior court judge assigned the present case had instructed him to file the petition with the clerk of court, that circumstance is distinguishable because in that case the trial judge, after being notified in court of the petition, *directed* the Bank to file the document with the clerk. No such direction was given in this case. Absent evidence showing, at the very minimum, that the trial judge delegated authority to another individual to receive the report pursuant to OCGA § 44-14-161, we decline to ascribe notice to a trial

court who denies receiving it, especially as "[n]othing in [that Code section's] language imposes an evidentiary or procedural requirement that any such report to the superior court be formally tendered. . . ." *Stepp v. Farm &c. Life Ins. Co.*, 222 Ga. App. 257, 258 (1) (474 SE2d 108) (1996).

Accordingly, the trial court did not err in dismissing the petition for confirmation of the foreclosure sale.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 22, 2011.

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Benjamin J. Colson, R. Edward Reddick, Jr.*, for appellant.
*Ratchford & Rafter, Richard R. Rafter*, for appellee.

