A05A0320. WORD et al. v. STIDHAM et al.
(609 SE2d 651)

PHIPPS, Judge.

Louie and June Stidham sued Calvin Word, Judy Pyron, and MWP Properties, LLC, to set aside an allegedly fraudulent conveyance of real property. The trial court granted the Stidhams' motion for summary judgment on the ground that the conveyance was fraudulent as a matter of law under OCGA § 18-2-75 (a). Finding a material issue of fact on that question, we reverse.

In 1996, the Stidhams obtained a judgment against Word in the principal amount of $27,466.42. In 1997, the judgment was entered on the general execution docket in the Superior Court of Gwinnett County, Word's county of residence at the time; a writ of fi. fa. was issued; and a nulla bona was later returned.

In 2001, Word and his sister Pyron were living with and caring for their elderly father at his residence in Carroll County. In anticipation of his impending death, their father conveyed his residence to them in March 2001. Pyron, who is a licensed real estate agent, later proposed that they place the property in a limited liability company and use the equity to purchase other properties for investment purposes. In August 2002, a warranty deed was executed conveying the property from Word and Pyron to MWP Properties, LLC, the limited liability company established by Pyron. As consideration for

relinquishment of his one-half interest in the property, Word received a one-half interest in MWP.

In May 2003, the Stidhams brought this action against Word, Pyron, and MWP. At that time, the amount of their judgment including post-judgment interest was $68,050.74. The Stidhams alleged that Word made the August 2002 conveyance in a fraudulent attempt to defeat their right to collect the judgment against him, and they sought to have the conveyance declared null and void and to have their judgment declared a lien on the property. In support of their motion for summary judgment, the Stidhams relied on deposition testimony of Word and Pyron showing that, after conveyance of the property to MWP, they had continued to live on the property and to pay taxes and expenses; that MWP had no assets other than the subject property; that MWP had not conducted any business; and that Word's transfer of the subject property to MWP left him with no assets to pay his debts except for his interest in MWP.

In her affidavit, Pyron testified that she had suggested transferring the property to MWP as an investment tool, that she had not been aware that the Stidhams had an unpaid judgment against Word, and that she had never had any discussion with Word about divesting himself of title to the property as a way to avoid payment of his debts. Word testified in his affidavit that if avoidance of creditors had been his intent, he would never have accepted transfer of the property.

Under OCGA § 18-2-74 (a) (1),

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.

OCGA § 18-2-75 (a) states that:

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

A debtor is insolvent when, after a conveyance, property left or

retained by him is not ample to pay his existing debts.[1] An interest in a limited liability company is personal property that may be charged with payment of an unsatisfied judgment against a member of the company.[2] But the holder of an interest in the company has no interest in specific property owned by the company.[3]

The trial court found a material issue of fact whether the conveyance in this case was made with actual intent to hinder, delay, or defraud creditors. The court, nonetheless, awarded summary judgment to the Stidhams based on its determination that the evidence shows without dispute that Word, lacking sufficient other property to pay his judgment debt, gave up his one-half ownership interest in a piece of residential realty with a substantial appraised market value in exchange for an essentially worthless interest in a newly-formed company without any assets.

Certainly, Word's transfer of the subject property to the limited liability company made it more difficult for the Stidhams to satisfy their judgment from the property and, therefore, may have been done with the intent to hinder or delay them. As recognized by the trial court and the parties, however, there is a material issue of fact on that question. There is also a material issue of fact on the question of whether Word's interest in the limited liability company is reasonably equivalent in value to the interest he had in the property he transferred to the company. The record contradicts the trial court's finding that the limited liability company is without any assets. Without dispute, the property previously owned by Word and Pyron is the company's sole asset. It does not appear from the record that the company has any countervailing liabilities. The record would thus support a finding that Word's one-half interest in the company is reasonably equivalent in value to the one-half interest he had in the property conveyed to the company. Therefore, the Stidhams were not entitled to summary judgment.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 28, 2004 —
RECONSIDERATION DENIED JANUARY 27, 2005 — 

---

[1] *Mercantile Nat. Bank v. Aldridge*, 233 Ga. 318, 321 (2) (210 SE2d 791) (1974).
[2] OCGA §§ 14-11-501 (a); 14-11-504 (a).
[3] OCGA § 14-11-501 (a).

*Price, Pyles, Dangle, Parmer & Rooks, Thomas E. Parmer*, for appellants.

*Patrick J. Gibbs, William A. Wall*, for appellees.