A06A1250, A06A1251. ALMONTE et al. v. WEST ASHLEY
TOYOTA (two cases).

(637 SE2d 755)

MILLER, Judge.

West Ashley Toyota (the "Dealership") sued Ramon M. Almonte and Chauncey G. Almonte for breach of contract and trespass to chattel following their purchase of an SUV from the Dealership. The trial court granted summary judgment to the Dealership, which the Almontes appeal pro se in Case No. A06A1250. The trial court subsequently ordered the Almontes to post a supersedeas bond of $22,288, which was approximately the amount awarded by the trial court pursuant to its grant of summary judgment. The Almontes appeal such order pro se in Case No. A06A1251. The Almontes claim that the trial court erred in not enforcing an arbitration clause contained in the purchase agreement. We discern no error and affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that the Almontes purchased a 2004 Toyota 4-Runner SUV from the Dealership in October 2003. When the Almontes' financing was declined and they failed to pay the balance owed on the vehicle, the Dealership demanded that they return the vehicle pursuant to the terms of the purchase agreement. After the Almontes failed to return the vehicle, the Dealership sought, and was granted, a writ of possession from the Superior Court of Chatham County. When the Dealership discovered that the Almontes had taken the vehicle to North Carolina, it sought, and was granted, a writ of possession from the General Court of Justice, Superior Court Division, in Onslow County, North Carolina.

After finally recovering the vehicle and discovering that it had been damaged and driven over 30,000 miles, the Dealership filed suit against the Almontes alleging breach of contract and trespass to chattel and seeking to recover in quantum meruit and for expenses and attorney fees. The Almontes failed to respond to discovery requests, and the Dealership filed a motion for summary judgment, which was granted by the trial court.

## Case No. A06A1250

1. The Almontes claim that the trial court erred in not enforcing an arbitration clause contained in the purchase agreement. We disagree.

"An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." (Citations and punctuation omitted.) *Phil Wooden Homes v. Ladwig*, 262 Ga. App. 792, 793 (586 SE2d 697) (2003). Here, the Almontes failed to respond to the writ of possession filed by the Dealership in Georgia and instead took the vehicle to North Carolina, where the Dealership filed a second writ of possession. The record is devoid of any evidence indicating that the Almontes raised the issue of arbitration until the Dealership successfully recovered the vehicle and sued them for breach of contract and trespass to chattel. As a result, the Almontes waived any right to arbitration contained in the purchase agreement. See id.; *Griffis v. Branch Banking & Trust Co.*, 268 Ga. App. 588, 591 (2) (602 SE2d 307) (2004).

2. The Almontes allege that the trial court erred in accepting the Dealership's "right to pursue 'self-help' . . . and ignoring the validity of a valid . . . arbitration agreement." To the extent that this enumeration is distinct from the enumeration addressed in Division 1, supra, the purchase agreement specifically provided that, upon an event of default, the Dealership "may immediately take possession of the [vehicle] by legal process or self help. . . ." Since the Almontes defaulted on the agreement by failing to pay the balance owed on the vehicle after their credit application was declined, this enumeration is without merit.

3. The Almontes claim that the trial court erred by "not recognizing the original monetary award" granted by the North Carolina General Court of Justice following the Dealership's filing of a writ of possession in Onslow County, North Carolina. That court awarded $3,300 to the Dealership to reimburse it for attachment expenses and attorney fees incurred as a result of having to file the second writ of possession in North Carolina. Despite the Almontes' claim that "[a] second suit was never filed by [the Dealership,] only a motion for summary judgment[,]" the record shows that, following the recovery of the damaged vehicle, the Dealership filed a complaint in the Superior Court of Chatham County alleging breach of contract and trespass to chattel and seeking to recover in quantum meruit and for expenses and attorney fees. This complaint sought damages that were separate from those provided by the North Carolina General Court of Justice prior to the recovery of the vehicle. The Almontes timely answered the complaint, and the trial court properly entered summary judgment for the Dealership by the order that the Almontes now appeal.

4. Finally, the Almontes claim that "the [S]tate of Georgia has no legal jurisdiction involving this case" because the purchase agreement provided that arbitration would be conducted in South Carolina. The Almontes did not assert improper venue or lack of jurisdiction as a defense in their answer as required by OCGA § 9-11-12 (b), however, and they cannot raise it for the first time on appeal. *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693) (1981).

### Case No. A06A1251

The Almontes appeal the trial court's order setting a supersedeas bond in the amount of $22,288 for their appeal of the trial court's grant of summary judgment to the Dealership. That appeal now having been decided, the appeal as to the propriety of the supersedeas bond is dismissed as moot.

*Judgment affirmed in Case No. A06A1250, and appeal dismissed as moot in Case No. A06A1251. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 6, 2006 — ▮▮▮▮▮▮▮▮▮

Ramon M. Almonte, *pro se.*
Chauncey G. Almonte, *pro se.*
Hunter, Maclean, Exley & Dunn, Robert A. Lewallen, Jr., Jessica L. McClellan, for appellee.