A11A1204, A11A1443. MUHAMMAD v. POWER LENDING,
LLC (two cases).
(715 SE2d 734)

MCFADDEN, Judge.

Ali S. Muhammad appeals from the trial court's order confirming a foreclosure sale conducted by Power Lending, LLC. In a separate appeal, he also challenges the imposition of a supersedeas bond pending appeal. Because we find that the trial court properly confirmed the foreclosure sale, we affirm the judgment in Case No. A11A1204. Moreover, our resolution of Case No. A11A1204 moots the supersedeas bond issues raised in Case No. A11A1443. The second appeal, therefore, is dismissed as moot.

*Case No. A11A1204*

On appeal from a confirmation proceeding, we construe the evidence favorably to the trial court's judgment. *Flat Shoals Land Holding v. Decatur First Bank*, 307 Ga. App. 536, 537 (705 SE2d 311) (2011). The trial court sits as the trier of fact, and its findings will not be disturbed if supported by any evidence. Id.

So viewed, the record shows that Muhammad obtained a loan from Power Lending in 2006. To secure the indebtedness, Muhammad gave Power Lending a promissory note and a deed to secure debt in property he owned. Muhammad later defaulted on his promissory note obligations, and Power Lending commenced foreclosure proceedings pursuant to the security deed's power of sale. It advertised the foreclosure sale for four weeks in October 2010, then conducted the sale on the courthouse steps on November 2, 2010. Power Lending, which was the only bidder, ultimately purchased the property for $300,000.

Seeking confirmation of the sale, Power Lending presented an

Application and Petition for Confirmation of Foreclosure Sale ("the petition") to a superior court judge. The judge reviewed the petition and, by order dated November 23, 2010, directed that it be filed and served on Muhammad at least five days before the confirmation hearing. Power Lending filed the petition that same day. Six days later, the trial court issued a rule nisi setting the confirmation hearing for December 17, 2010. Power Lending served Muhammad with the petition and rule nisi on December 3, 2010.

At the December 17 hearing, the attorney who handled the foreclosure sale testified regarding the procedures used to notify Muhammad of the proceedings, advertise the sale, and conduct the sale. A real estate appraiser also testified, valuing the property at $300,000. Based on the evidence presented, the trial court confirmed the sale. Muhammad challenges that ruling on appeal, claiming that the confirmation proceeding and foreclosure sale were procedurally flawed and, therefore, invalid. We disagree.

1. Muhammad first argues that Power Lending failed to follow the statutory requirements for initiating a confirmation petition. Under OCGA § 44-14-161 (a), a creditor begins a confirmation proceeding by reporting the foreclosure sale to a superior court judge within 30 days after the sale. Citing the reporting requirement, Muhammad asserts that Power Lending improperly submitted the petition to the clerk's office, rather than to a superior court judge. The record belies this claim.

Within 30 days of the November 2, 2010 sale, a superior court judge entered an order noting that Power Lending had presented its petition for confirmation to the court. The petition adequately reported the sale. See *Stepp v. Farm & Home Life Ins. Co.*, 222 Ga. App. 257, 258 (1) (474 SE2d 108) (1996) (confirmation application presented to a superior court judge satisfies OCGA § 44-14-161 (a) when it recites " 'the fact of the sale, the price obtained, and all pertinent factors concerning the sale' "). And although Power Lending ultimately filed the petition with the clerk's office, it did so at the trial court's direction. Under these circumstances, Power Lending properly commenced the confirmation proceeding. See OCGA § 44-14-161 (a); *REL & Assocs. v. FDIC*, 304 Ga. App. 33, 36 (2) (695 SE2d 370) (2010) ("[T]he statutory language is plain and the clear import of that language is that the report must simply be made to a judge of the superior court of the county in which the land is located.") (punctuation omitted).

2. Muhammad also argues that he did not receive sufficient notice of the confirmation hearing. The statutory scheme generally requires that "the debtor be personally served with notice of the hearing on the creditor's application at least five days prior thereto." *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 298 (1) (430 SE2d

732) (1993); see also OCGA § 44-14-161 (c). As noted above, the trial court issued a rule nisi on November 29, 2010, setting the hearing for December 17, 2010. Both the rule nisi and the confirmation petition were personally served on Muhammad by a process server on December 3, 2010, more than five days before the hearing.

Based on this evidence, the trial court deemed the notice sufficient. We find no error. Although Muhammad complains that the hearing notice did not "emanate from the [trial] court as required," he is mistaken. The trial court issued a rule nisi, directing the parties to appear for a hearing on the confirmation petition. The rule nisi met the statutory notice requirements. See OCGA § 44-14-161 (c); *Ameribank v. Quattlebaum*, 269 Ga. 857, 859 (505 SE2d 476) (1998) (rule nisi may satisfy notice requirements of OCGA § 44-14-161 (c)).

3. Muhammad raises similar arguments regarding the underlying foreclosure proceeding. He claims that he did not receive proper notice of the proceeding and that the sale "was in violation of the laws governing foreclosures." Power Lending, however, notified Muhammad of the foreclosure sale by certified letter sent over 30 days prior to the sale, in accordance with OCGA § 44-14-162.2 (a). It also advertised the sale in the local newspaper for four weeks, as required. See OCGA §§ 44-14-162 (a); 9-13-140.

The trial court concluded that the foreclosure proceeding was valid. Muhammad has pointed to no evidence undermining this conclusion or showing any violation of the foreclosure statutes. His argument in this regard, therefore, lacks merit. See *Oates v. Sea Island Bank*, 172 Ga. App. 178, 179 (2) (a), (b) (322 SE2d 291) (1984) (trial court properly confirmed foreclosure sale where evidence authorized conclusion that foreclosure proceeding complied with statutory requirements).

4. Finally, Muhammad argues that the trial court failed to make specific factual findings in its confirmation order. As an initial matter, we note that the order contains numerous findings of fact and conclusions of law regarding the foreclosure sale and confirmation process. Moreover, "the responsibility for assuring a detailed order rest[ed] with [Muhammad], [who] failed to request it either before or after the ruling was made pursuant to OCGA § 9-11-52 (a) or (c)." *Southeast Timberlands v. Security Nat. Bank*, 220 Ga. App. 359, 361 (3) (469 SE2d 454) (1996). Accordingly, this claim provides no basis for reversal.

*Case No. A11A1443*

5. Muhammad contends that the trial court erred in setting a supersedeas bond for his appeal of the confirmation order. The

confirmation appeal, however, has been resolved, rendering all issues regarding the propriety of a supersedeas bond moot. See *Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 840 (666 SE2d 17) (2008); *Almonte v. West Ashley Toyota*, 281 Ga. App. 808, 810 (637 SE2d 755) (2006). Muhammad's appeal in Case No. A11A1443, therefore, is dismissed. See *Boca Petroco*, supra; *Almonte*, supra.

*Judgment affirmed in Case No. A11A1204. Appeal dismissed as moot in Case No. A11A1443. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 18, 2011 —
RECONSIDERATION DENIED AUGUST 3, 2011 — 

Ali S. Muhammad, *pro se.*
*McCurdy & Candler, Todd H. Surden*, for appellee.