**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 14, 2013**

# In the Court of Appeals of Georgia

A13A0485.  DUBARTON  ENTERPRISES,  LLC.  et  al.  v.
    APPALACHIAN COMMUNITY BANK.

BARNES, Presiding Judge.

Dubarton Enterprises, LLC and Richard Dubarton, (collectively, "Dubarton")
appeal from the trial court's court's order denying their motion for modification of
the supersedeas bond entered after the trial court granted Appalachian Community
Bank's (the "Bank") motion for summary judgment and awarded a judgment in the
amount of $835,592.28. The Bank had filed an emergency motion for supersedeas
bond for the full amount of the judgment, but the trial court ordered that the bond
amount would be $200,000, based, in part, on a 2009 appraisal of the collateral
property. The 2009 appraisals established that the value of the property was
approximately $29,000 more than the judgment amount. The trial court took judicial
notice, based on "common knowledge," that it was unlikely that property values in

Gilmer County had increased or maintained their 2009 value. The court further found that the bond amount should cover "costs, interest, and damages for delay if the appeal is found to be frivolous" and set the amount of the bond at $200,000 Following a hearing on Dubarton's motion for reconsideration, which the trial court denied, this appeal ensued.

Subsequent to Dubarton's appeal of the bond amount, this Court affirmed the trial court's grant of summary judgment to the Bank in an unpublished opinion pursuant to Court of Appeals Rule 36. See *Dubarton Enterprises, LLC. v. Appalachian Community Bank*, Case No. A12A2054 (decided March 11, 2013). Thus, as the appeal is no longer pending in this Court, the issue as to the supersedeas is moot. OCGA § 5-6-48 (b) (3); *Muhammad v. Power Lending*, LLC, 311 Ga. App. 347, 349-350 (5) (715 SE2d 734) (2011) (holding that because appeal of underlying order had been resolved "all issues regarding the propriety of a supersedeas bond [were] moot."). Cf. *Hubert v. State*, 244 Ga. 374 (260 SE2d 83) (1979) (the "court having affirmed the judgment denying the appellant's petition for writ of habeas corpus . . . the present appeal from that same judgment . . . is hereby, dismissed as moot.")

*Appeal dismissed. Miller, and Ray, JJ., concur.*

2