**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 12, 2015**

# In the Court of Appeals of Georgia

A14A2029, A15A0433. GASLOWITZ et al. v. STABILIS JE-102
  FUND I, LP.

ELLINGTON, Presiding Judge.

In Case No. A14A2029, Adam Gaslowitz, Adam R. Gaslowitz & Associates,

LLC ("G&A, LLC"), and Gaslowitz and Associates, Inc. ("G&A, Inc.") (collectively,

the "appellants"), appeal from the trial court's grant of Stabilis Fund I, LP's

("Stabilis") motion for partial summary judgment on Stabilis's post-judgment petition

for, among other relief, a charging order and an accounting. The appellants claim that

the trial court erred in (i) issuing a charging order against Gaslowitz's membership

interest in G&A, LLC and (ii) ordering an accounting of the assets of G&A, LLC. For

the reasons that follow, we affirm the order issuing the charging order, but we reverse

the order for an accounting of the assets of G&A, LLC. In Case No. A15A0433, the

appellants appeal the trial court's order requiring that they, jointly and severally, post a supersedeas bond to preserve the supersedeas effect of their main appeal. For reasons set forth below, we affirm as to Gaslowitz but reverse as to G&A, Inc. and G&A, LLC.

*Case No. A14A2029*

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that on June 21, 2011, Stabilis obtained a judgment in the Superior Court of Fulton County against Gaslowitz, and two others,[1] in the total amount of $1,621,132.78. Stabilis filed a verified petition against the

---

[1] The judgment is against Gaslowitz and two non-parties to this action, Gerie Gilbert and 685 Penn LLC. See *685 Penn, LLC v. Stabilis Fund I*, 316 Ga. App. 210, 211-212 (1) (728 SE2d 840) (2012). Neither G&A, LLC, nor G&A, Inc., are shown to be judgment debtors of Stabilis.

appellants seeking, among other things, a charging order against Gaslowitz's membership interest in G&A, LLC,[2] and "an accounting of the proceeds of G&A, LLC . . . to adequately monitor Stabilis' rights." Stabilis then moved for partial summary judgment on its claims for a charging order and for an accounting.

The evidence adduced in that proceeding shows that Gaslowitz is the sole member of G&A, LLC. In support of its motion for summary judgment, Stabilis's representative averred that the $1,621,132.78 judgment against Gaslowitz remained unpaid. In opposition, the appellants adduced evidence that $848,000 of the judgment debt had been collected through foreclosure on two properties, and that Stabilis had garnished certain bank accounts in furtherance of its collection efforts, although the appellants maintained that they were unaware of the amount collected thereby. Stabilis did not come forward with evidence as to the amount of the judgment that remained outstanding. The trial court found that, "[t]o the extent that the remaining amount of the judgment is unknown, that is not a bar to the charging order." Rather,

---

[2] A charging order is a statutory provision "that enables the judgment creditor [of a member of a limited liability company] to realize the value of the judgment debtor-member's distributional interest, while at the same time protecting both the [limited liability company's] ability to continue to operate and the interests of the other members." 51 Am. Jur. 2d Limited Liability Companies § 23.

3

the trial court held, because Stabilis was a judgment creditor of Gaslowitz, it was "entitled to a charging order against Mr. Gaslowitz's membership interest in G&A, LLC, and to an accounting of the assets of that same company." On this basis, the trial court granted Stabilis's motion for summary judgment.

1. The appellants argue that Stabilis failed to adduce evidence of the amount of the judgment debt, if any, that remains due, and that the trial court therefore erred in granting summary judgment on Stabilis's petition for a charging order. They also assert that it cannot be determined from the order what distributions are due Stabilis, nor when such distributions can again be paid to Gaslowitz, rendering the trial court's order impermissibly vague and indefinite. We find no merit in these claims.

The Georgia Limited Liability Company Act, OCGA §§ 14-11-100 through 14-11-1109, provides a means by which a judgment creditor of a member may cause the diversion of monetary payments the member expects to receive from the limited liability company to the member's judgment creditor. See generally *Prodigy Centers/Atlanta v. T-C Assocs.*, 269 Ga. 522, 526 (4) (501 SE2d 209) (1998). Specifically, "[o]n application to a court of competent jurisdiction by any judgment creditor of a member or of any assignee of a member, the court may charge the limited liability company interest of the member or such assignee with payment of the

4

unsatisfied amount of the judgment with interest." OCGA § 14-11-504 (a). See *Word v. Stidham*, 271 Ga. App. 435, 437 (609 SE2d 651) (2004) ("An interest in a limited liability company is personal property that may be charged with payment of an unsatisfied judgment against a member of the company."). A charge against the debtor's interest does not give a direct remedy against the assets of the limited liability company, but grants "only the rights of an assignee of the limited liability company interest" to the extent so charged. OCGA § 14-11-504 (a). See OCGA § 14-11-101 (13) (defining "Limited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions"). Thus, the charging order remedy entitles the creditor to receive the distributions of the limited liability company, which the member "would otherwise have been entitled to receive, up to the unsatisfied amount of the judgment debt." *Nigri v. Lotz*, 216 Ga. App. 204, 205 (2) (453 SE2d 780) (1995) (applying OCGA § 14-9A-52).[3] See OCGA § 14-11-502 (2) (providing that an assignee of an interest in

---

[3] The rights of a judgment creditor against the interest of a member of a limited liability company under OCGA § 14-11-504 (a) are similar to the rights of judgment creditors against the interest of a partner in a partnership or a limited partnership. See OCGA §§ 14-8-28 (a), 14-9-703 (a), 14-9A-52 (a).

a limited liability company is entitled to receive distributions to which an assignor was entitled, to the extent assigned).

As the appellants contend, Stabilis failed to come forward with evidence as to the exact amount of the judgment that remains unsatisfied.[4] But this does not mean that there remain outstanding issues of material fact which preclude summary judgment on Stabilis's petition for a charging order. In order to secure a charging order, OCGA § 14-11-504 (a) contemplates that the applying party show that it is a judgment creditor of a member of a limited liability company. The court may then charge the member's limited liability company interest "with payment of the unsatisfied amount of the judgment with interest." Id. Thus, the charging order gives the judgment creditor the right to receive distributions to which the member would otherwise be entitled on account of the member's limited liability company interest until the judgment with interest is satisfied. But the amount of distributions subject to the charging order will not necessarily correspond to the specific amount of the

---

[4] The appellants did not, however, pierce the affidavit of Stabilis's representative that the $1,621,132.78 judgment had not been collected and remained unpaid; rather, appellants pointed to evidence showing that approximately half of the debt had been collected. Accordingly, the undisputed evidence established that Stabilis was a judgment creditor of Gaslowitz when the trial court issued the charging order.

6

judgment that remains unpaid on the date that the charging order is issued. The unsatisfied amount of the judgment could be reduced or even eliminated by funds received from other sources, especially where, as here, there are co-debtors on the judgment. Thus, we conclude, OCGA § 14-11-504 (a) does not reasonably require that, as a prerequisite to the issuance of a charging order, the judgment creditor establish the specific amount of the judgment that remains unpaid on the date the charging order is issued.[5] It follows that the trial court did not err in granting Stabilis's motion for summary judgment.

The appellants also contend that, because the order issued by the trial court gives no direction to the parties as to the extent of funds to be distributed thereunder, the order is unenforceably vague. A charging order, however, cannot extend past the satisfaction of the underlying judgment because, by definition, the charge can only be against the "unsatisfied amount" of the judgment. OCGA § 14-11-504 (a).[6]

---

[5] See, e.g., *Atlanta Independent School System v. Atlanta Neighborhood Charter School, Inc.*, 293 Ga. 629, 631 (748 SE2d 884) (2013) ("Where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms.").

[6] See generally *First Bank v. S&R Grandview, LLC*, 755 SE2d 393, 396 (N.C. App. 2014) ("Inherent in the concept of a charging order is that once the judgment is paid, the debtor-member's interest in the LLC is no longer charged.").

Accordingly, the charging order at issue here does not continue indefinitely or contemplate an unlimited charge on Gaslowitz's membership interest, but would remain until the $1,621,132.78 judgment, with interest, is satisfied. Nothing would preclude Gaslowitz from moving to extinguish the charge on the grounds that the judgment has been satisfied, and the trial court's order does not allow Stabilis to collect or retain payments beyond those necessary to satisfy its judgment. We find no error.

2. The appellants also argue that the trial court erred in ordering that G&A, LLC provide an accounting of its assets to Stabilis. We agree with the appellants that Stabilis established no basis on which the trial court could order the accounting.

In its brief in support of its motion below, Stabilis contended that it was seeking "an accounting of Adam Gaslowitz's membership interest in [G&A, LLC] to determine what assets can be used to satisfy [its] outstanding judgment," and Stabilis claimed entitlement to this accounting "as a matter of a law." Thus, Stabilis appears to have requested an accounting on the ground that the accounting would show assets that could be applied towards payment of its judgment. See *Sampson v. Haywire Ventures, Inc.*, 293 Ga. App. 779, 781 (4) (668 SE2d 286) (2008) (party seeking corporate accounting would be entitled to an accounting if "the facts alleged showed

8

that on an accounting the petitioner will likely be entitled to recover judgment for some amount.") (punctuation and footnote omitted). A charging order, however, gives no direct remedy against company property, *Nigri v. Lotz*, 216 Ga. App. at 205 (2), and company assets shown in an accounting would not be subject to satisfaction of Gaslowitz's debt. "A member has no interest in specific limited liability company property." OCGA § 14-11-501 (a). See generally *Acree v. McMahan*, 276 Ga. 880, 881 (585 SE2d 873) (2003) (a third party creditor may not disregard corporate form so as to reach corporate assets to satisfy claims against an individual corporate insider); *Word v. Stidham*, 271 Ga. App. at 437 ("[T]he holder of an interest in [a limited liability] company has no interest in specific property owned by the company.") (footnote omitted). Thus, Stabilis does not show a likelihood that it would recover anything on an accounting of G&A, LLC's assets.

Stabilis also argues that, because it is granted the rights of an assignee of Gaslowitz's limited partnership interest by reason of the charging order, see OCGA § 14-11-504 (a), "that interest necessarily includes a right to an accounting." The Limited Liability Company Act, however, does not expressly contemplate the remedy of an accounting. See *St. James Entertainment LLC v. Crofts*, 837 FSupp2d 1283, 1293 (II) (F) (N.D. Ga. 2011) ("While the Georgia Code specifically provides a right

to accounting in regards to partnerships, OCGA § 14-8-22, it has no similar section in the chapter on limited liability companies.") (punctuation omitted). Further, a judgment creditor does not become a member of a limited liability company by reason of a charging order, but only accedes to the "rights of an assignee" of a limited liability company interest, and the rights of an assignee of such interest are expressly limited and do not include a right to an accounting of company assets. See OCGA § 14-11-502 (3) ("An assignment of a limited liability company interest does not of itself . . . entitle the assignee to participate in the management and affairs of the limited liability company or to become or exercise any rights of a member[.]"); OCGA § 14-11-504 (a) ("To the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest.").

Stabilis further contends that an accounting of company assets would merely ensure that distributions are not being made in violation of the charging order, and that because Stabilis is a judgment creditor it is entitled to such relief. Stabilis does not show how an accounting of G&A, LLC's assets would ensure that the charging order is honored, or why, as a judgment creditor of Gaslowitz, it is entitled to such

10

relief against G&A, LLC.[7] Although the Limited Liability Company Act does not preclude Stabilis from seeking additional remedies in furtherance of its efforts to collect on the judgment or to enforce the charging order,[8] the availability of other remedies are not without limit. OCGA § 14-11-504 (b) expressly states that "a judgment creditor shall have no right under this chapter or any other state law . . . to seek an order of the court requiring a foreclosure sale of the limited liability company interest." Compare *Stewart v. Lanier Med. Office Bldg.*, 259 Ga. App. 898, 900 (2) (578 SE2d 572) (2003) (applying OCGA § 14-9A-52). The Georgia Limited Liability Company Act also provides that, "[u]nless displaced by particular provisions of this chapter, the principles of law and equity supplement this chapter." OCGA § 14-11-

---

[7] We note that although Stabilis defends the relief ordered by the trial court, a review of Stabilis's underlying petition shows that the accounting sought therein was for the "proceeds of G&A, LLC" to monitor and protect Stabilis's rights, and not for an accounting of G&A, LLC's assets. "Proceeds" are generally defined as "[t]he value of land, goods, or investments when converted into money," and as any collateral that has changed in form. Black's Law Dictionary (9th ed. 2009). Thus, a distribution on account of a limited liability company interest would be proceeds of that interest. Whether or not a court might lawfully require a limited liability company to report its distributions and other proceeds where its member's limited liability company interest has been charged with payment of a judgment debt, that is not what the trial court ordered here.

[8] See OCGA § 14-11-504 (b) (the charging order remedy "shall not be deemed exclusive of others which may exist").

11

1107 (c). However, Stabilis does not present any authority, under law or equity, which would entitle it to an accounting of the assets of G&A, LLC under the circumstances shown here. Accordingly, that portion of the trial court's order requiring an accounting of G&A, LLC's assets must be reversed.

*Case No. A15A0433*

3. In this case, the appellants appeal the order of the trial court requiring that they, jointly and severally, post a bond in the amount of $962,257.60 to preserve the supersedeas effect of their main appeal.[9] We review a trial court's order requiring a supersedeas bond for abuse of discretion. See *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597 (5) (448 SE2d 913) (1994); *Hyman v. Leathers*, 168 Ga. App. 112, 115-116 (5) (308 SE2d 388) (1983).

The appellants contend that because they did not appeal from a money judgment, and because the supersedeas bond was issued to secure a judgment against different parties in another case, the trial court erred. OCGA § 5-6-46 (a), which

---

[9] "This issue is not moot, for if certiorari were pursued on Case No. [A14A2029] but not Case No. [A15A0433] then the requirement of a supersedeas bond would still be in effect pending the final resolution of Case No. [A14A2029]." *Barge v. St. Paul Fire & Marine Ins. Co.*, 245 Ga. App. 112, 116, n. 10 (535 SE2d 837) (2000). See *Barngrover v. Hins*, 289 Ga. App. 410, 414 (3) (657 SE2d 14) (2008) (accord).

12

governs supersedeas bonds in civil cases, "describes the amount the trial court should require when the appellant is appealing a judgment for the recovery of money not otherwise secured."[10] (Citation and punctuation omitted.) *Duke Galish, LLC v. SouthCrest Bank*, 314 Ga. App. 801, 805 (3) (726 SE2d 54) (2012). But a supersedeas bond may also be required only for such an amount "as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." OCGA § 5-6-46 (a). Judgments of this type include "trover[] and actions to foreclose mortgages and other security instruments." Id.

The trial court's charging order concerns Gaslowitz's property, particularly his limited liability company interest in G&A, LLC, and, under OCGA § 14-11-504 (a), Stabilis is afforded "rights of an assignee" to the extent of the charge. Accordingly, we hold that the charging order falls within the disposition-of-property provision of OCGA § 5-6-46 (a), and that Stabilis was entitled to a supersedeas bond to secure its use of that property for purposes of the charging order. See *Duke Galish, LLC v.*

---

[10] Specifically, in such case, "the amount of the bond or other form of security shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a lesser amount." OCGA § 5-6-46 (a).

13

*SouthCrest Bank*, 314 Ga. App. at 805 (3) (finding that the trial court could require a security bond for an order denying the confirmation of a foreclosure sale and allowing the resale of the property because the judgment on appeal determined the disposition of property); *Cloud v. Georgia Central Credit Union*, 214 Ga. App. at 597 (5) (accord). Although the underlying money judgment to which the charging order relates was not entered in this case, it was appropriate for the trial court to consider that judgment in determining the amount of the bond. See *Cloud v. Georgia Central Credit Union*, 214 Ga. App. at 597-598 (7) (concluding that the trial court did not abuse its discretion in fixing the amount of the supersedeas bond considering, among other things, the amount of the debt secured by the property); *Georgia Farm Bldgs. v. Willard*, 165 Ga. App. 325, 327 (2) (299 SE2d 181) (1983) (trial court did not err in requiring a supersedeas bond as the intent of the appeal was to preclude the appellees from collecting the monetary value of a previous judgment).

In view of the foregoing, we conclude that the trial court did not abuse its discretion in requiring that Gaslowitz post the supersedeas bond. We cannot reach the same conclusion, however, as to G&A, Inc. or G&A, LLC. No relief was ordered against G&A, Inc. As to G&A, LLC, the charging order does not effect a disposition of its property, and, contrary to Stabilis's assertions, G&A, LLC was not a necessary

14

party to the charging order proceeding. See *Mahalo Invs. III, LLC v. First Citizens Bank & Trust Co.*, __ Ga. App. __ (Case No. A14A1940, decided February 19, 2015) (2015 Ga. App. LEXIS 51) (holding that "it is only necessary for a court to have jurisdiction over the judgment debtor to have the authority to enter charging orders against the judgment debtor's interest"). The trial court did require an accounting of G&A, LLC's assets, but it is apparent from the trial court's order requiring the supersedeas bond that the amount of the bond is premised on the charging order and the underlying money judgment, pursuant to which G&A, LLC is not a judgment debtor.[11] Accordingly, we conclude that the trial court abused its discretion in ordering that G&A, Inc. and G&A, LLC, jointly and severally with Gaslowitz, post a supersedeas bond. The order requiring a supersedeas bond is affirmed as to Gaslowitz, but reversed as to G&A, Inc. and G&A, LLC.

---

[11] After the trial court granted Stabilis's motion for partial summary judgment and the appellants' filed their notice of appeal, initiating Case No. A14A2029, Stabilis requested that the trial court require a supersedeas bond "in an amount not less than $1,650,000 to protect the prior judgment." In granting Stabilis's request, the trial court noted that the charging order was "based directly on" the judgment that Stabilis had obtained against Gaslowitz and others, see fn. 1, supra, and determined that the amount of the bond sufficient to protect Stabilis's interests was $962,257.60.

15

*Judgment affirmed in part and reversed in part in Case No. A14A2029. Judgment affirmed in part and reversed in part in Case No. A15A0433. Phipps, C. J., and McMillian, J., concur.*