# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2023

*The Court of Appeals hereby passes the following order:*

### A23A1494. JOHN TAYLOR et al v. BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP, LP.

This case began as a dispossessory proceeding in magistrate court. After the magistrate court entered a writ of possession in favor of plaintiff Blackstone Residential Operating Partnership, LP, and against defendants John Taylor and all other occupants of the property, the defendants appealed to the superior court. The superior court granted summary judgment in favor of the plaintiff and denied the defendants' motion for new trial or judgment notwithstanding the verdict. The defendants filed an application for discretionary review of those rulings, which this Court dismissed, Case No. A22D0424 (decided Jan. 24, 2022), and the Supreme Court of Georgia denied the defendants' petition for certiorari and dismissed their motion for reconsideration. Case No. S22C1260 (certiorari petition denied Mar. 21, 2023; motion for reconsideration dismissed Apr. 18, 2023). The superior court entered a writ of possession in favor of the plaintiff, and the defendants filed an application for discretionary review of that ruling and all previous rulings, which this Court denied. Case No. A23D0006 (decided Aug. 11, 2022).

On April 11, 2023, the superior court issued an order requiring Taylor to post supersedeas bond in the amount of $299,000 for his appeals. That same day, the superior court issued an order finding the defendants' attorney to be in willful contempt and directing him to pay $790 in attorney fees incurred by the plaintiff. The defendants then initiated the instant appeal by filing a notice of appeal that cites OCGA § 5-6-34 (a) (2) and that identifies "the Order entered . . . on April 11, 2023, and all previous orders." The plaintiff has filed a motion to dismiss the appeal. We

agree with the plaintiff that we lack jurisdiction over the appeal, because there is no order from which the defendants may directly appeal.

The defendants cannot challenge the writ of possession in favor of the plaintiff, given this Court's prior denial of their application for discretionary review of that ruling. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (when this Court examines an application for discretionary review, it acts in an error-correcting mode, such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review). Any challenge by the defendants to the propriety of the supersedeas bond is moot, because the underlying appeals have been resolved. See *Almonte v. West Ashley Toyota*, 281 Ga. App. 808, 810 (637 SE2d 755) (2006). Finally, while OCGA § 5-6-34 (a) (2) generally provides that a party may take an appeal from "judgments involving . . . contempt cases," the defendants do not have standing to challenge the order finding their attorney in contempt, because the order did not adversely affect their own rights. See *Stevens v. State*, 215 Ga. App. 718, 720 (2) (452 SE2d 176) (1994). Accordingly, the plaintiff's motion to dismiss is hereby GRANTED, and the defendants' appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   06/01/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_                                   , Clerk.